# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
### GREENSBORO DIVISION

| | |
|---|---|
| In Re: | |
| **B. P. GREER RECYCLING, INC.,** | **Case No. B-15-11192**<br>**Chapter 11** |
| **Debtor.** | |

## MOTION FOR AUTHORITY TO ENTER INTO
## LEASE AND OPERATING MANAGEMENT AGREEMENT

**NOW COMES** the above-captioned Debtor, by and through counsel, and respectfully requests authority to enter into the Lease and Operating Management Agreement with Foss Industrial Recycling, LLC ("Foss"), and in support thereof, shows unto the Court the following:

1.     The Debtor filed a voluntary petition under Title 11, Chapter 11 of the United States Bankruptcy Code on October 30, 2015.   As a result of that filing, the Debtor is operating as a debtor in possession.

2.     The Debtor is a North Carolina corporation with a principal place of business located at 219 Watlington Drive, Reidsville, Rockingham County, North Carolina.  The Debtor is engaged in the business of buying and recycling scrap metal for commercial use.

3.     Pre-petition the Debtor was unable to repay certain secured debt obligations owed to Carolina Bank, which resulted in Carolina Bank filing a complaint in the General Court of Justice, Superior Court Division, Guilford County, North Carolina against certain parties, including the Debtor, on or about June 15, 2015 and seeking, among other things, the appointment of a receiver.  With the consent of the Debtor, the Superior Court entered a Preliminary Injunction and appointed Thomas J. McGoldrick as Receiver ("Receivership

Order"). The Receivership Order was entered on June 15, 2015, has been in effect since that date, and Thomas J. McGoldrick (the "Receiver") has continued to manage the affairs of the Debtor since his appointment.

4.     Pursuant to the authority granted to him by the Superior Court, the Receiver investigated the financial affairs of the Debtor and determined that it cannot continue to operate in the ordinary course of business and be in a position to fully repay all of its debt obligations, including the indebtedness owed to Carolina Bank. As a result, the Receiver investigated the benefit and possibility of selling the assets of the Debtor. The Receiver received from Foss. an offer to purchase substantially all of the assets (the "Sale Assets") of the Debtor for Two Million, Four Hundred and Twenty Thousand Dollars ($2,420,000.00) (the "Offer"). As additional consideration to the Offer, Foss has agreed to assume that certain obligation of the Debtor to rectify a Notice of Violation concerning a non-permitted facility/open dump as received from the North Carolina Division of Waste Management. The Offer, with the aforementioned additional consideration, was memorialized in the form of an Asset Purchase Agreement.

5.     The Debtor lacks the ability to continue to operate the business while the Debtor seeks authority to enter into an Asset Purchase Agreement, as the Debtor cannot pay its ongoing obligations incurred from the operations of the business. To maintain its ongoing obligations and to preserve its going concern value, the Debtor agreed it was appropriate for the Debtor to enter into the Lease and Operating Management Agreement for the purpose of leasing the Sale Assets to Foss to operate the same pending consummation of an approved Asset Purchase Agreement pursuant to 11 U.S.C. § 363.

6.     Given the financial condition of the Debtor and the investigations of the Receiver, it was determined by the Receiver, the Debtor and Foss that it would be in the best interest of all parties and all creditors of the Debtor for it to file a voluntary petition for relief under Title 11, Chapter 11 of the United States Bankruptcy Code seeking approval pursuant to 11 U.S.C. § 363 to consummate the Asset Purchase Agreement.

7.      Prior to the filing of the Debtor's petition, the Receiver negotiated and/or spoke to no less than six (6) other parties concerning the potential purchase of the Sale Assets.  Some of these parties indicated they may have an interest in presenting offers to purchase the Debtor's assets, but would prefer to wait for a Section 363 Motion to be filed in the bankruptcy proceeding before making an offer.  The Offer, with the added consideration as outlined above, is the only offer which is for a price the Receiver believes is acceptable. The Asset Purchase Agreement, which incorporates the Offer, contemplates that the Debtor will enter into a lease of the Sale Assets through a Lease and Operating Management Agreement.  It is the Receiver's opinion that if he was forced to terminate ongoing operations of the business and terminate employees, the Debtor's assets would be worth substantially less than the value of the Offer. Furthermore, the ability to obtain a higher purchase price by means of an auction sale of an ongoing business would be lost.  It is also the Receiver's opinion that a sale of the Sale Assets as a going concern is the best method to achieve the maximum value of the Sale Assets.  The Lease and Operating Management Agreement which the Debtor seeks to enter into is attached to the Affidavit of Thomas J. McGoldrick, which is being filed simultaneously and is incorporated herein by reference. The Lease and Operating Management Agreement allows for Foss to have authority to take control of all Sale Assets for the purpose of continuing operations of the business pending Court approval and consummation of the Asset Purchase Agreement. The continued operation of the business is necessary to preserve the going concern value of the Sale Assets.

8.      Because other parties have expressed an interest in presenting an offer to purchase the Sale Assets once a Section 363 Motion is filed, the Debtor contemplates that, as a part of the Section 363 Motion seeking approval of the Asset Purchase Agreement, a procedure for setting up an auction to receive offers higher than the Offer, if possible, will be proposed. This procedure and auction is further explained in the Debtor's Motion pursuant to 11 U.S.C. § 363, which is being filed contemporaneously with this Motion.

9.      It is in the best interest of the Chapter 11 Estate, Creditors, and parties in interest to authorize the Debtor to enter into the Lease and Operating Management Agreement.  The

benefits obtained include, but are not limited to:

     a.     The Lease and Operating Management Agreement provides the Debtor with the proper means to continue business operations, maintain the security of the Sale Assets, its going concern value, and to maximize the return for the benefit of the Estate;

     b.     The Lease and Operating Management Agreement is necessary to allow a closing on the Sale Assets to occur.  The terms and conditions of the Asset Purchase Agreement provide that, should a Sec. 363 Motion result in one or multiple higher offers being presented, or an auction taking place to accomplish the same, the Estate will receive a carve out of the ultimate purchase price and a portion of any upset bid to be allocated toward any costs and expenses and available to the Estate without any liens or encumbrances attaching thereto.  A sale of the Debtor's assets by any other means would not create a return that is as beneficial to the Estate in that the total encumbrance held against the Sale Assets is well in excess of any probable auction sale price;

     c.     The Debtor has received a Notice of Violation concerning a non-permitted facility/open dump from the North Carolina Division of Waste Management.  The Debtor, as currently constituted, does not have the finances to reasonably present a plan to rectify this problem.  The terms and conditions of the anticipated sale will rectify that problem.  To conduct such sale, the Debtor must first enter into the Lease and Operating Management Agreement; and

     d.     The Lease and Operating Management Agreement which allows for a sale to take place appears to be the most reasonable avenue through which employees of the Debtor's business can maintain their employment.

10.     For the reasons stated herein, time appears to be of the essence for the Debtor to obtain approval of the Lease and Operating Management Agreement and therefore the Debtor, by separate motion, will be requesting that a hearing on this matter be expedited.

11.     The approval of this Motion, and the authorization of the Debtor to enter into the Lease and Operating Management Agreement is in the best interest of the Debtor, Creditors, and parties in interest.

**WHEREFORE,** the Debtor respectfully requests that the Court:

1.     Set a hearing as soon as possible to grant the Debtor the authority to enter into the Lease and Operating Management Agreement as identified herein and/or upon such other terms and conditions as the Court may deem appropriate;

2.     Accept this verified Motion as evidence in support of the relief requested; and

3.     Grant such other and further relief as the Court deems just and proper.

*Respectfully submitted on this, the 30th  day of October, 2015.*

*/s/ Charles M. Ivey, III*
CHARLES M. IVEY, III,
NCSB #8333
Attorney for Debtor in Possession

OF COUNSEL:

**IVEY, McCLELLAN, GATTON & SIEGMUND, L.L.P.**
P.O. Box 3324
Greensboro, NC  27402-3324
Telephone: (336) 274-4658
Fax: (336) 274-4540

NORTH CAROLINA

GUILFORD COUNTY

## VERIFICATION

THOMAS J. McGOLDRICK, being first duly sworn, certifies that he is the Receiver for B. P. Greer Recycling, Inc., and he has read the allegations contained herein and that the same are true except as to those matters and things alleged upon information and belief, and as to those matters and things he believes them to be true, and executes this document in his capacity as Receiver of B. P. Greer Recycling, Inc.

This the ___30___ day of ___October___, 2015.

B. P. GREER RECYCLING, INC.

By: _____

THOMAS J. McGOLDRICK

NORTH CAROLINA

GUILFORD COUNTY

I, ___Melissa Martiere___, a Notary Public in and for said County and State does hereby certify that THOMAS J. McGOLDRICK, personally appeared before me this day and acknowledged the due execution of the foregoing instrument by him in his capacity as Receiver of B. P. Greer Recycling, Inc.

WITNESS my hand and notarial seal, this the 30 day of ___October___, 2015.

_____

Printed Name: ___Melissa Martiere___
Notary Public
My commission expires: ___1/25/17___

MELISSA MARTIERE
NOTARY PUBLIC
GUILFORD COUNTY, NC